## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **EVARISTUS MACKEY,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:14CV00373 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Evaristus Mackey, Pro Se Petitioner.*

The pro se petitioner, Evaristus Mackey, an inmate at the United States Penitentiary in this judicial district, has filed a motion that he styled as "Motion For Discharge & Release Under 18 U.S.C. § 3569."[1]  After review of the record, I construe his submission as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  I find that it must be summarily dismissed as without merit.

Mackey was convicted in 2001 in the United States District Court for the Eastern District of Louisiana, and was sentenced to 327 months in prison.    His current petition alleges that when he recently obtained access to the sealed Statement of Reasons from that sentencing, he discovered that, instead of prison time, he could have opted for three years of supervised release and a fine, to be

---

[1] I find no such statute in the United States Code and cannot determine what other statute Mackey may have intended to cite.

paid in monthly installments. He asserts that since his attorney did not inform him of this fine, he made no payments, went into default, and was sent to prison, pursuant to 18 U.S.C. § 3614. He now asserts that he can prove his inability to pay the fine and thereby avoid imprisonment under § 3614, so the court should order his release.

Mackey's own submissions do not support his claim. The Statement of Reasons indicates that under the federal sentencing guidelines, Mackey could have been sentenced to *all* of the following: 262 to 327 months in prison; 3 to 5 years of supervised release; a fine between $17,500 and $175,000; monthly charges of $1800.11 for the costs of imprisonment; and monthly charges of $243.98 for the costs of his supervised release. The court found that Mackey's prior convictions for armed robbery indicated that a prison sentence at the high end of the custody range was appropriate. The court did not impose any fine or charge Mackey with paying the costs of his imprisonment or supervision, because the Court found him to have insufficient assets.

The court had no authority to offer Mackey an alternative sentence of supervised release and fine payments instead of the prison sentence imposed within the applicable guideline range. Thus, Mackey's petition provides no factual basis for relief from his sentence of imprisonment. *See* 28 U.S.C. § 2241 ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in

-2-

violation of the Constitution or laws or treaties of the United States.")  Therefore, I must summarily dismiss his petition as without merit.

A separate Final Order will be entered herewith.

DATED:   August 11, 2014

/s/  James P. Jones
United States District Judge